10-0718-cv
Dennis C. Kelly v. Handy & Harman, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand eleven.

Present:     ROSEMARY S. POOLER,
             ROBERT A. KATZMANN,
             RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

DENNIS C. KELLY,

                                        *Plaintiff-Appellant*,


          -v.-                                              10-0718-cv


HANDY & HARMAN, WHX CORPORATION, HANDY & HARMAN
SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, HANDY & HARMAN
EXECUTIVE POST-RETIREMENT LIFE INSURANCE PROGRAM, HANDY &
HARMAN PENSION PLAN/WHX PENSION PLAN, HANDY & HARMAN
MANAGEMENT INCENTIVE PLAN, HANDY & HARMAN LONG-TERM
INCENTIVE PLAN, INCENTIVE AND NON-QUALIFIED STOCK OPTION
PLAN, THE HANDY & HARMAN POST-RETIREMENT MEDICAL PLAN,

                                        *Defendants-Appellees*.

_____

For Appellant:        Leslie D. Corwin (Timothy E. Di Domenico, *on the brief*), Greenberg
                      Traurig, LLP, New York, NY.

For Appellees:        Thomas J. Fleming, Olshan Grundman Frome Rosenzweig & Wolosky LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Gwin, *J.*, sitting by designation).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Dennis C. Kelly appeals the district court's February 16, 2010 judgment granting Defendants' motion for summary judgment, denying Kelly's motion for partial summary judgment, and dismissing Kelly's complaint. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in his favor. *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 109 (2d Cir. 2003). Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In an ERISA action where, as here, "written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995) (internal quotation marks omitted)).

"[A] plan under which an administrator both evaluates and pays benefits claims creates the kind of conflict of interest that courts must take into account and weigh as a factor in determining whether there was an abuse of discretion, but does not make *de novo* review appropriate." *Id.* at 82-83 (quoting *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir. 2008)). A plaintiff's showing that the administrator's conflict of interest affected the choice of a reasonable interpretation is one of "several different considerations" that judges must take into account when "review[ing] the lawfulness of benefit denials." *McCauley*, 551 F.3d at 133 (citation omitted). "No weight is given to a conflict in the absence of any evidence that the conflict actually affected the administrator's decision." *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 140 (2d Cir. 2010) (citing *Hobson*, 574 F.3d at 83).

In light of these principles, and after an exhaustive review of the record, we conclude that the district court properly granted Defendants' summary judgment motion because the plan administrator did not act arbitrarily or capriciously in denying Kelly's request for benefits. Accordingly, we affirm the district court's grant of summary judgment for Defendants and denial of partial summary judgment for Kelly, for substantially the same reasons articulated by the district court.

In addition, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Kelly's remaining state-law claim after it dismissed all of Kelly's federal claims before trial. Indeed, "if a plaintiff's federal claims are dismissed before trial, 'the state claims should

be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)).

Lastly, Kelly requests attorneys' fees under 29 U.S.C. § 1132(g)(1). Kelly's request is denied because he has not shown "some degree of success on the merits" and therefore is not eligible for an award of attorneys' fees under Section 1132. *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010).

We have considered all of Kelly's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk