■ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. [26 NYS3d 10]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered on or about July 14, 2015, which denied defendant husband's motion to dismiss the amended complaint, without prejudice to renewal, unanimously affirmed, without costs. Order, same court and Justice, entered July 17, 2015, which granted plaintiff wife's motion for fees to the extent of awarding her $976,186.44 in interim counsel fees in connection with child-related issues, and $121,973 in interim child-related forensic accounting fees and disbursements, unanimously affirmed, without costs.

The breach of fiduciary duty cause of action is timely, since it was commenced in January 2015, less than three years after process was served in the divorce action, in April 2012 (*see* Domestic Relations Law § 250 [2]). The breach of fiduciary duty claim is not duplicative of the breach of contract claim, since the breach of contract claim is based on defendant's failure to transfer the Michigan property to plaintiff in accordance with the prenuptial agreement, while the breach of fiduciary duty claim is based on defendant's sale of the Michigan house to a third party allegedly for less than its market value.

The breach of fiduciary duty claim is not barred by the doctrine of res judicata, since the issue of claims that plaintiff might have with respect to the Michigan property was never decided on the merits (*see Browning Ave. Realty Corp. v Rubin*, 207 AD2d 263 [1st Dept 1994], *lv denied* 85 NY2d 804 [1995]). Any statement we made about this issue in the prior appeal in this case is not binding on the parties (*see* 123 AD3d 581, 583 [1st Dept 2014]).

The court providently exercised its broad discretion in denying defendant's motion to dismiss the breach of contract cause of action pursuant to CPLR 3211 (a) (4) (*see Whitney v Whitney*, 57 NY2d 731 [1982]), since the relief sought under that claim is not the same or substantially the same relief as that sought in the divorce action (*see Kent Dev. Co. v Liccione*, 37 NY2d 899, 901 [1975]; *Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 95-96 [1st Dept 2013]).

Contrary to defendant's contention, the award of "child-related" interim counsel and forensic accounting fees is not in violation of the counsel fee provision in the prenuptial agreement, since, as the court found, plaintiff submitted "extensive" documentation establishing that the legal and expert services for which she sought interim fees were reasonable and necessary (*see Lazich v Lazich*, 189 AD2d 750 [2d Dept 1993], *appeal dismissed* 81 NY2d 1007 [1993]). The awards for prospec-

tive interim fees are not improper, and are consistent with our decision in the prior appeal which, importantly, observed that such fees were subject to documentation at the end of the litigation and possible recoupment (*see* 123 AD3d at 584), ensuring that any unnecessary or unreasonable fees are repaid.

We have considered defendant's remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Saxe and Gische, JJ.