WIMBLEDON FINANCING MASTER FUND, LTD., Respondent, v DAVID BERGSTEIN et al., Appellants, et al., Respondents. [46 NYS3d 875]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about August 19, 2016, which, to the extent appealed from, granted petitioner's motion for a prejudgment attachment, and denied respondents David Bergstein, Graybox LLC, Iskra Enterprises, LLC, K Jam Media, Inc. and Henry Jannol's motion pursuant to CPLR 3211 (a) (4) and (8) to dismiss the proceeding as against them, unanimously affirmed, with costs.

Contrary to respondents' contention, Supreme Court was entitled to consider the affirmation of counsel, which, although not made on personal knowledge, attached numerous documentary exhibits that strongly support petitioner's allegations (see Swiss Bank Corp. v Mehdi Eatessami, 26 AD2d 287, 290-291 [1st Dept 1966]). The court also properly considered the plea allocution of respondents' co-conspirator. Respondents' reliance on People v Hardy (4 NY3d 192, 197 [2005]) is misplaced, since that case applies to criminal defendants only, not civil litigants.

The detailed allegations in these materials amply support the court's finding that petitioner has a likelihood of success on the merits.

The same facts establish that respondents are subject to personal jurisdiction as part of a conspiracy that involved the commission of tortious acts in New York (see Lawati v Montague Morgan Slade Ltd., 102 AD3d 427 [1st Dept 2013]).

Supreme Court providently exercised its "broad discretion" under CPLR 3211 (a) (4) (*Anonymous v Anonymous*, 136 AD3d 506, 507 [1st Dept 2016]) to deny appellants' motion to dismiss this turnover proceeding under CPLR article 52 based on the pendency of a prior plenary action. While there is some overlap between the parties and claims in this proceeding and the earlier-filed plenary action, the nature of the relief sought is not "substantially the same" (*Kent Dev. Co. v Liccione*, 37 NY2d 899, 901 [1975]), and the respondents named herein are not identical to the defendants sued in the plenary action. Morever, given that both this proceeding and the plenary action are pending before the same Justice, appellants will not be prejudiced by the simultaneous pendency of the two related matters. Concur—Friedman, J.P., Richter, Mazzarelli and Kahn, JJ.