◼ DAVID H. ENGELKE, Appellant, v BROWN RUDNICK BERLACK ISRAELS, LLP, Respondent. [845 NYS2d 260]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered August 11, 2006, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss

the complaint, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated. Appeal from order, same court and Justice, entered February 21, 2007, unanimously dismissed as academic, without costs.

Defendant law firm represented plaintiff, a Florida resident, in New York in connection with the sale of Montage Group, Ltd. (Montage), a New Hampshire corporation with its principal place of business in New York, to Pinnacle Systems, Inc. (Pinnacle). Pursuant to a separate agreement, where plaintiff was represented by different counsel, plaintiff also sold to Pinnacle his interests in Digital Editing Services, Inc. (DES), a Florida corporation. Plaintiff became an employee of Pinnacle as a result of the DES agreement.

Following Pinnacle's acquisition of DES and Montage, a third party, Athle-Tech Computer Systems (Athle-Tech), commenced a breach of contract action in Florida against Montage and DES (Athle-Tech Action). Pinnacle notified DES and Montage shareholders, including plaintiff, that it was invoking its right to indemnification, as provided in the DES and Montage purchase agreements, and also terminated plaintiff's employment. Pinnacle's actions resulted in plaintiff commencing two separate arbitration proceedings against it.

During the pendency of the Athle-Tech Action, Pinnacle and the DES and Montage shareholders, including plaintiff, executed an agreement, the terms of which were to coordinate the collective defense of Athle-Tech's claims (Common Interest Agreement), and which included that the parties were to promptly communicate to each other any settlement offers and demands. Although defendant represented Pinnacle and the other shareholders in the negotiation of the Common Interest Agreement, plaintiff retained separate counsel. Defendant later requested plaintiff's consent to its representation of Pinnacle, Montage and DES, as well as plaintiff and other former Montage shareholders, in the Athle-Tech Action, but plaintiff refused to provide consent. Nonetheless, defendant represented Pinnacle, Montage and DES in the Athle-Tech Action, which proceeded to trial solely on damages and Athle-Tech was awarded a combined judgment of $13.6 million.

Plaintiff and Pinnacle subsequently settled the arbitration proceedings and included in the settlement agreement was that plaintiff's reasonable consent was required if at any point Pinnacle negotiated a settlement with Athle-Tech that exceeded $7.5 million (Arbitration Agreement). Following the settlement of the arbitration matters, Athle-Tech instituted a second action against, inter alia, Pinnacle, DES, Montage and plaintiff seek-

ing additional damages. Pinnacle, without notice to plaintiff, entered into settlement agreements with Athle-Tech pursuant to which Pinnacle agreed to pay Athle-Tech $10.5 million and in exchange, Pinnacle, Montage and DES were given a general release, which did not cover the former shareholders of DES and Montage, including plaintiff.

Plaintiff commenced the instant legal malpractice action in New York and alleges, inter alia, that he had an attorney-client relationship with defendant and that defendant's representation of Pinnacle constituted malpractice as Pinnacle's interests were adverse to his own. He also states that defendant wrongfully advised Pinnacle in its settlement with Athle-Tech so as to frustrate his rights under the Common Interest Agreement and Arbitration Agreement, which included his right to be advised of any settlement offers and provide his reasonable consent to a settlement exceeding $7.5 million. Defendant moved to dismiss on the basis that its representation and advice to Pinnacle was not actionable under Florida law because defendant owed no duty to plaintiff with regard to the Athle-Tech litigation and Common Interest and Arbitration Agreements.

The court dismissed the complaint upon its determination that Florida law applied and plaintiff's claims were not viable· under the laws of that state. We disagree and find that no actual conflict exists between New York and Florida law with respect to plaintiff's claims.

Under both Florida and New York law, the complaint sets forth viable claims for legal malpractice and breach of fiduciary duty based upon defendant's alleged violation of a duty owed to plaintiff. Plaintiff's claims arise out of defendant's representation of him in connection with the sale of Montage to Pinnacle and after Pinnacle and plaintiff's interests became adverse to each other, defendant represented Pinnacle in the Athle-Tech Action despite plaintiff's express refusal to consent to the representation (see *Elkind v Bennett*, 958 So 2d 1088, 1092 [Fla Dist Ct App, 4th Dist 2007]; *Resolution Trust Corp. v Holland & Knight*, 832 F Supp 1528 [1993]; Fla Rules Professional Conduct rule 4-1.9 [a]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267 [2004]; *Krouner v Koplovitz*, 175 AD2d 531, 532 [1991]).

Even were we to agree that there was a conflict, New York's law would apply because while defendant's representation of Pinnacle occurred in Florida, the duty forming the basis for plaintiff's claims arose from defendant's representation of plaintiff in New York and New York has an interest in regulating the conduct of its attorneys (*Rosenberg & Rosenberg v Hoffman*, 195 AD2d 343 [1993]).

We note that the issue of damages is not before us on this appeal. Concur—Andrias, J.P., Saxe, Nardelli, McGuire and Malone, JJ. [*See* 13 Misc 3d 1217(A), 2006 NY Slip Op 51868(U).]