Zeitlin v Cohan (2023 NY Slip Op 05484)

Zeitlin v Cohan

2023 NY Slip Op 05484

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Index No. 156829/21 Appeal No. 927 Case No. 2022-04173 

[*1]Jide Zeitlin, Plaintiff-Appellant,
v
William Cohan, Defendant-Respondent.

Abrams, Fensterman, LP, Brooklyn (Justin T. Kelton of counsel) and Clare Locke LLP, Alexandria, VA (Joseph R. Oliveri, of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Ballard Spahr LLP, New York (Jay Ward Brown of counsel), for respondent.

Order, Supreme Court, New York County (William Perry, J.), entered August 24, 2022, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff, the former CEO of the Fortune 500 company Tapestry, alleges that he was defamed by an article entitled The Bizarre Fall of the CEO of Coach and Kate Spade's Parent Company, written by defendant and published on the website ProPublica.org on July 22, 2020. Plaintiff asserts causes of action for defamation per se arising from three statements in the article: first, that plaintiff had "used deception" to lure a married woman into an "unwanted romantic relationship"; second, that he had later conducted a campaign of "terrorization" against the woman; and third, that plaintiff had engaged in "sexual perversions" such as photographing "alarmingly young girls" and viewing websites where members could "bid" on young teenagers, and that his predilections were known to "the business world."
The motion court properly held that the article addressed issues of "public interest" within the protection of New York's amended anti-strategic lawsuit against public participation (anti-SLAPP) law (Civil Rights Law § 76-a, as amended by L 2020, ch 250). The article's primary purpose was to probe the reasons that plaintiff, a well-known business executive and former nominee to a United Nations post, had abruptly resigned from his position as CEO of Tapestry (see e.g. Huggins v Moore, 94 NY2d 296, 303 [1999]). Indeed, Supreme Court's determination comports with the statute's express directive to broadly construe the notion of "public interest" (Civil Rights Law § 76-a[1][d]; Aristocrat Plastic Surgery, PC v Silva, 206 AD3d 26, 30 [1st Dept 2022]). We reject plaintiff's efforts to characterize the article as an invasion into the "purely private" matter of his former romantic relationship with a married woman, especially because it was plaintiff himself who aired the existence of the relationship to explain why he was resigning.
As to the dismissal of the complaint, we affirm on grounds different from those articulated by Supreme Court. The motion court held that because plaintiff's claims arose from communications in connection with an issue of public interest, he was required, but failed, to meet a higher pleading standard of establishing by "clear and convincing" evidence that his claims had a "substantial basis in law" (CPLR 3211[g]) — that is, that the article was published with actual malice.
We do not adopt the motion court's finding that a "clear and convincing" standard is appropriate in assessing the adequacy of plaintiff's pleading on a pre-answer motion to dismiss (see Smartmatic USA Corp. v Fox Corp., 213 AD3d 512, 512 [1st Dept 2023]). Nevertheless, we affirm on the grounds that plaintiff failed to show in opposition to defendant's motion that his claims had a substantial basis in law (CPLR 3211[g]; see Smartmatic USA Corp., 213 AD3d at 512.
The subject article [*2]flatly contradicts the existence of actual malice with respect to the statement in the article that plaintiff had "used deception" to lure a woman into an unwanted romantic relationship. Reviewing the statement in context, as is required (see e.g. Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 33 [1st Dept 2014]), it becomes clear that, in fact, defendant was not himself reporting that plaintiff had been deceptive in his dealings with this woman. Rather, the article makes clear that defendant asked plaintiff about a decade-old article in which the woman alleged that plaintiff had been deceptive. Defendant then immediately reported, in the very next sentence, that plaintiff denied the allegation. The inclusion of plaintiff's denials "cuts against the allegedly defamatory implication of the . . . article, allowing readers to decide for themselves what to conclude" (Lindberg v Dow Jones & Co., 2021 WL 5450617, *6, 2021 US Dist LEXIS 226987 at *17 [SD NY Nov. 22, 2021, 20-cv-8231 (LAK)] [analyzing issue under New York law]).
We also reject plaintiff's allegations of actual malice as to the two other statements, which were not made in the article proper but by the woman in a 2009 email sent to the office of a Senator regarding plaintiff's nomination to the United Nations post. Plaintiff's allegations ignore how defendant handled the discrepant accounts of plaintiff and the woman — that is, by including a hyperlink to the email itself so that readers could read it themselves and interpret its contents (see id.). Further, defendant included, in the article's text, not only the woman's accusations but plaintiff's denials. In any event, plaintiff's allegations of actual malice rest largely on his own statements — for example, his assertion that it is "inherently improbable" that he would have "terroriz[ed]" the woman or that he would have engaged in "pedophilia" (a word that does not, in fact, appear in either the article or the email).
Plaintiff's remaining arguments as to the adequacy of his actual malice allegations are also without merit. He faults defendant for overreliance on the woman as a source, but the article makes clear that defendant relied on a host of other sources whose reliability plaintiff does not challenge. Plaintiff also provides an excerpt from the article in arguing that Air Mail, a digital newsletter, rejected the article on grounds of inadequate corroboration. The excerpt, however, is taken out of context, and in fact, the article goes on to note that by the time it was completed, defendant "was able to get corroboration on the story from Tapestry itself."
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023