**Zaiger LLC v Bucher Law PLLC**

2024 NY Slip Op 32244(U)

July 1, 2024

Supreme Court, New York County

Docket Number: Index No. 154124/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**       PART           **33M**

*Justice*

-------------------------------------------------------------------X

ZAIGER LLC

                         Plaintiff,

            - v -

BUCHER LAW PLLC,

                        Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154124/2023 |
| MOTION DATE | 06/16/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 1, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 128, 129, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161

were read on this motion to/for                 DISMISS                     .

Upon the foregoing documents, and after oral argument which occurred on October 31, 2023 with Gregory O. Tuttle, Esq. and Alex Banzhaf, Esq. appearing for Plaintiff Zaiger LLC ("Plaintiff") and Seth K. Kugler, Esq. appearing for Defendant Bucher Law PLLC ("Defendant"), Defendant's motion for an Order (1) dismissing Plaintiff's claims pursuant to CPLR 3211(a)(7); (2) dismissing Plaintiff's claims as a SLAPP suit pursuant to CPLR 3211(g) and N.Y. Civ. Rights Law § 76-a (the "Anti-Slapp Law") and awarding costs and attorneys' fees; and (3) dismissing or staying this action pending a determination of previously filed Connecticut action (the "Connecticut Action"); is denied.

## I.     Background

William Bucher ("Bucher") is the principal of Defendant Bucher Law PLLC (NYSCEF Doc. 124 at ¶ 2). Plaintiff is a New York limited liability company engaged in the practice of law (NYSCEF Doc. 138 at ¶ 7). Plaintiff employed Bucher from August 15, 2022 until March 1, 2023 when Plaintiff terminated his employment (NYSCEF Doc. 1 at ¶ 4).

154124/2023 ZAIGER LLC vs. BUCHER LAW PLLC
Motion No. 002

Page 1 of 12

On May 9, 2023 Plaintiff commenced the instant action against Defendant (NYSCEF Doc. 1). On July 26, 2023 Plaintiff filed, without leave of the Court, an Amended Complaint asserting causes of action for (1) tortious interference with contractual relations; (2) unfair competition; (3) misappropriation; (4) unjust enrichment; and (5) violation of New York Judiciary Law §475 (NYSCEF Doc. 129). Specifically, Plaintiff alleges that after Bucher's employment was terminated he stole the personal information of nearly 34,000 of Plaintiff's clients (the "Client List") and used those contacts to engage in a solicitation campaign to induce wrongfully Plaintiff's clients to end their client relationship with Plaintiff (NYSCEF Doc. 129)

On June 16, 2023 Defendant filed the instant motion for an Order (1) dismissing Plaintiff's claims pursuant to CPLR 3211(a)(7); (2) dismissing Plaintiff's claims as a SLAPP suit pursuant to 3211(g) and N.Y. Civ Rights Law § 76-a; (3) awarding Defendants costs and attorneys' fees pursuant to N.Y. Civ Rights Law § 70-a; or (4) dismissing and staying this action due to the pendency of a preexisting federal action (NYSCEF Doc. 96).

## II.   Discussion

### i.   Plaintiff's Amended Complaint is Controlling

Preliminarily, while Defendant argues that Plaintiff's Amended Complaint was untimely, pursuant to CPLR 3025(a) "[a] party may amend his pleading once without leave of the court within twenty days after its service, or at any time before the period for responding to it expires, or within twenty days after service of a pleading responding to it." Further, pursuant to CPLR 3211(f) the service of a notice of motion under CPLR 3211(a)(1) "before the service of a pleading responsive to the cause of action or defense sought to be dismissed extends the time to serve the [responsive] pleading until ten days after service of notice of entry of the order" (*see Roam Capital, Inc. v Asia Alternatives Mgt. LLC*, 194 AD3d 585, 585-586 [1st Dept 2021]. Accordingly, by filing

**154124/2023   ZAIGER LLC vs. BUCHER LAW PLLC**
**Motion No.  002**

**Page 2 of 12**

2 of 12

[* 2]

the instant motion, Defendant's period for responding to Plaintiff's claims is extended until ten days after a decision on the motion is rendered. Because Defendant's period for responding to Plaintiff's pleading has not yet expired, Plaintiff's filing of the Amended Complaint is made as of right and is timely pursuant to CPLR 3025(a).

Further, it is well settled that when an amended complaint is filed it supersedes the initial complaint leaving it the only complaint in the action (*Pomerance v McGrath*, 104 AD3d 440, 442 [1st Dept 2013]). Accordingly, Defendant's motion shall be applied to Plaintiff's Amended Complaint (NYSCED Doc. 129).

### ii.    Standard

Pursuant to CPLR 3211(g), a motion to dismiss under CPLR 3211(a)(7)

> in which the moving party has demonstrated that the action, claim, cross claim or counterclaim subject to the motion is an action involving public petition and participation as defined in paragraph (a) of subdivision one of section [76-a] of the civil rights law, shall be granted unless the party responding to the motion demonstrated that the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law

An action involves public petition and participation if it is "any communication in a place open to the public or a public forum in connection with an issue of public interest" or if it is "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest" (*see* Civil Rights Law § 76-a[1][a]). Indeed, the implementation of the anti-SLAPP law was a response to the "rising concern about the use of civil litigation, primarily defamation suits, to intimidate or silence those who speak out" (*600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 137 n.1 [1992], *cert denied* 508 U.S. 910 [1993]). In 2020, the legislature amended the anti-Slapp law to "broaden the scope of the law and afford greater protections to citizens" (*Aristocrat Plastic Surgery, P.C. v Silva*, 206 AD3d 26, 28 206 AD3d 26

**154124/2023   ZAIGER LLC vs. BUCHER LAW PLLC**                    Page 3 of 12
**Motion No. 002**

3 of 12

[1st Dept 2022] quoting *Mable Assets, LLC v Rachmanov*, 192 AD3d 998, 1000 [2d Dept 2021], citing L 2020, ch 250). Whether a matter touches upon the "public interest" is to "be construed broadly and shall mean any subject other than a purely private matter" (Civil Rights Law § 76-a[1][d]).

Once a movant has shown that her statement involves public petition and participation, the burden then shifts to the non-movant. Civil Rights Law Section 76 § 76-(a)(2) provides that a plaintiff may only recover damages in an action involving public petition and participation if, "in addition to all other necessary elements, plaintiff shows by clear and convincing evidence that the allegedly actionable communication was made with knowledge of its falsity or with reckless disregard of whether it was false".

However, the Appellate Division has held that a clear and convincing standard is inappropriate on a pre-motion to dismiss (*Zeitlin v Cohan*, 220 AD3d 631, 632 [1st Dept 2023]). Instead, on a pre-answer motion, the plaintiff must show that the claim has a substantial basis in law, which the First Department has defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Karl Reeves, C.E.I.N.Y. Corp. v Associated Newspapers, Ltd.*, 210 NYS3d 25, 28 [1st Dept 2024]).

Whether there is a substantial basis that a statement was made with knowledge of its falsity or with reckless disregard of its falsity will be inferred from objective facts, including "the defendant's own actions or statements, the dubious nature of [her] sources, [and] the inherent improbability of the story." (*Great Wall Medical P.C. v Levine*, 74 Misc.3d 1224[A] at *2 [Sup. Ct., N.Y. County 2022] quoting *Coleman v Grand*, 523 F.Supp.3d 244, 260 [EDNY 2021]). The court must consider the pleadings and affidavits to determine if a plaintiff's claim has a substantial basis in law (CPLR § 3211[g][2]; *Carey v Carey*, 74 Misc. 3d 1214[A] at *4 [Sup. Ct., N.Y. County

2022]). A Plaintiff's failure to defeat a CPLR 3211(g) motion mandates a defendant be awarded its costs and attorneys' fees (Civil Rights Law § 70-a [1][a]).

### iii. Defendant has Failed to Show that his Statements are Matters of Public Interest

It is well established that "publications directed only to a limited, private audience" are not matters of public interest (*Aristocrat Plastic Surgery, P.C. v Silva*, 206 AD2d 26, 30 [1st Dept 2022] see also *Huggins v Moore*, 94 NY2d 296, 303 [1999] holding that publications directed only to a limited, private audience are matters of purely private concern). Here, each of Plaintiff's claims relate to solicitation emails Defendant sent only to Plaintiff's clients included on their Client List (NYSCEF Doc. 129). The Court finds that these communications were made to a limited, private audience, as opposed to the public. As such, Defendant has failed to demonstrate that his statements were matter of public concern. Having failed to demonstrate that his statements were matters of public interest, Defendant's motion to dismiss Plaintiff's Claims pursuant to CPLR 3211(g) is denied.

### iv. Defendant has Failed to Show that CUTSA Preempts Plaintiff's Claims

Defendant contends that the Connecticut Uniform Trade Secrets Act ("CUTSA") preempts all of Plaintiff's Claims (NYSCEF Doc. 122 at 6).

The First Department has held that "[i]n the context of tort law, New York utilizes interest analysis to determine which of two competing jurisdictions has the greater interest in having its law applied to the litigation" (*Elmaliach v Bank of China Ltd*, 110 AD3d 192, 202 [1st Dept 2012] quoting *Padula v Lilarn Properties Corp.*, 84 NY2d 519, 521 [1994]).

Here, Defendant contends that Connecticut has the greatest concern with the dispute in question (NYSCEF Doc. 122 at 6). However, Plaintiff is a New York LLC and Defendant is a New York PLLC (NYSCEF Doc. 129 at 4). Further, Defendant's sole member and Principal is

**154124/2023 ZAIGER LLC vs. BUCHER LAW PLLC**
**Motion No. 002**

Page 5 of 12

licensed to practice law in New York (NYSCEF Doc. 124 at ¶¶ 1-2) and Defendant's alleged damages were suffered in New York. Moreover, the First Department has held that "New York has an interest in regulating the conduct of its attorneys" (*Engelke v Brown Rudnick Berlack Israels, LLP*, 45 AD3d 324, 326 [1st Dept 2007]). As Plaintiff's claims in this action relate to the parties' attorney client relationships, the Court finds that New York has the greatest concern with the dispute in question. As such, Defendant has failed to show that CUTSA preempts Plaintiff's claims.

### v. Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to CPLR 3211(a)(7) is Denied

Pursuant to CPLR 3211(a)(7), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that …the pleading fails to state a cause of action…." In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, "the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference" (*J.P. Morgan Sec. Inc. v Vigilant Ins. Co.* 21 NY3d 324, 334 [2013]). "[T]he sole criterion is whether the pleading states a cause of action, and therefore if from its four corners factual allegations are discerned which if taken together can manifest any cause of action, a motion for dismissal must fail" (*Kusher v King* 126 AD2d 446, 467 [1st Dept 1987]).

### a. Defendant's Motion to Dismiss Plaintiff's First Cause of Action for Tortious Interference with Contract is Denied

The Court of Appeals has held that a cause of action for tortious interference with contract "requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the

**154124/2023  ZAIGER LLC vs. BUCHER LAW PLLC**
Motion No.  002

Page 6 of 12

[* 6]

contract without justification, actual breach of the contract, and damages (*Lama Holding Co. v Smith Barney Inc.*, 88 NY2d 413, 424 [1996]).

It is well established that "[a]greements that are terminable at will are classified as only prospective contractual relations, and thus cannot support a claim for tortious interference with existing contracts" (*American Preferred Prescription, Inc. v Health Mgmt*, 252 AD2d 414, 417 [1st Dept 1998]). Moreover, a client "has the absolute right on public policy grounds to terminate the attorney-client relationship at any time without cause…" (*Demov, Morris, Levin & Shein v Glantz*, 53 NY2d 553, 556-557 [1981]). However, the First Department has held that a plaintiff may state a claim for tortious interference with a nonbinding contract where the defendant's alleged conduct "constituted a crime or an independent tort" (*Steinberg v Schnapp*, 73 AD3d 171, 176 [1st Dept 2010]).

Judiciary Law § 479 states that:

> [i]t shall be unlawful for any person or his agent…to solicit or procure through solicitation either directly or indirectly, legal business, or to solicit or procure through solicitation a retainer, written or oral, or any agreement authorizing an attorney to perform or render legal services, or to make it a business so to solicit or procure such business, retainers or agreements.

Here, Plaintiff's allegations that Defendant stole Plaintiff's client list to solicit improperly the Firm's clients constitutes a violation of Judiciary Law § 479, which is an unclassified misdemeanor (*see Ginarte Gallardo Gonzalez & Winograd v Schwitzer*, 193 AD3d 614, 616 [1st Dept 2021]).

Accordingly, as Plaintiff has alleged that it had valid enforceable contracts with its clients of which Defendant was aware and that Defendant induced Plaintiff's clients to breach their contracts causing damages to Plaintiff, the Court finds that Plaintiff has sufficiently stated a cause of action for tortious interference with contract. Accordingly, Defendant's motion to dismiss Plaintiff's First Cause of Action for tortious interference with contract is denied.

**154124/2023 ZAIGER LLC vs. BUCHER LAW PLLC** **Page 7 of 12**
**Motion No. 002**

7 of 12

[* 7]

### b. Defendant's Motion to Dismiss Plaintiff's Second Cause of Action for Unfair Competition is Denied

It is well settled that "the primary concern in unfair competition is the protection of a business from another's misappropriation of the business' organization or its expenditure of labor, skill, and money" (*Macy's Inc. v Martha Stewart Living Omnimedia, Inc.*, 127 AD3d 48, 56 [1st Dept 2015] quoting (*Ruder & Finn, Inc. v Seaboard Sur. Co.*, 52 NY2d 663, 671 [1981]). Moreover, the First Department has held that "[a]llegations of a 'bad faith misappropriation of a commercial advantage belonging to another by exploitation of proprietary information' can give rise to a cause of action for unfair competition" (*Macy's Inc. v Martha Stewart Living Omnimedia, Inc.*, 127 AD3d 48, 56 [1st Dept 2015] quoting (*Out of the Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 578 [2d Dept 2008]).

Here, Plaintiff's Amended Complaint alleges that by soliciting Plaintiff's clients, Defendant has, in bad faith, misappropriated Plaintiff's labors, skills, expenditures and goodwill (NYSCEF Doc. 129 at ¶¶ 103-104). In light of the foregoing, affording Plaintiff the benefit of every possible favorable inference, the Court finds that Plaintiff's Amended Complaint alleges facts sufficient to manifest a cause of action for unfair competition. Accordingly, Defendant's motion to dismiss Plaintiff's Second Cause of Action for unfair competition is denied.

### c. Defendant's Motion to Dismiss Plaintiff's Third Cause of Action for Misappropriation is Denied[1]

The Court of Appeals has held that "[a] plaintiff claiming misappropriation of a trade secret must prove: (1) it possessed a trade secret, and (2) defendant is using that trade secret in breach of

---

[1] Defendant refers to Plaintiff's cause of action for misappropriation as the Fifth Cause of Action (NYSCEF Doc. 122 at 11). While Misappropriation is the Fifth Cause of Action in Plaintiff's original Complaint (NYSCEF Doc. 1), Plaintiff's Amended Complaint includes misappropriation as Plaintiff's Third Cause of Action (NYSCEF Doc. 129 at 23).

154124/2023   ZAIGER LLC vs. BUCHER LAW PLLC
Motion No. 002

Page 8 of 12

[* 8]

8 of 12

an agreement, confidence, or duty, or as a result of discovery by improper means" (*E.J. Brooks Co. v Cambridge Sec. Seals*, 31 NY3d 441, 452 [2018]).

In considering whether a customer list constitutes a trade secret, the Court of Appeals has held that "where the customers are readily ascertainable outside the employer's business as prospective users or consumers of the employer's services or products, trade secret protection will not attach..." (*Leo Silfen, Inc. v Cream*, 29 NY2d 387, 392 [1972]). Conversely, "where the customers are not known in the trade or are discoverable only by extraordinary efforts courts have not hesitated to protect customer lists and files as trade secrets. This is especially so where the customer's patronage had been secured by years of effort and advertising effected by the expenditure of substantial time and money" (*Id.* at 391-393).

Here, Defendant argues that Plaintiff's cause of action for misappropriation must be dismissed because the client list is not a trade secret (NYSCEF Doc. 122 at 11). However, Plaintiff alleges that it expended significant time and expense to develop and to safeguard the client list and that Defendant unlawfully misappropriated the client list through improper means (NYSCEF Doc. 129 at ¶¶109-110). Affording Plaintiff the benefit of every possible favorable inference, the Court finds that Plaintiff has alleged sufficient facts to state a claim for misappropriation. Accordingly, Defendant's motion to dismiss Plaintiff's Third Cause of Action for Misappropriation is denied.

### d. Defendant's Motion to Dismiss Plaintiff's Fourth Cause of Action for Unjust Enrichment is Denied[2]

To state a claim for unjust enrichment, "[a] plaintiff must allege 'that (1) the other party was enriched, (2) at that party's expense, and (3) that 'it is against equity and good conscience to

_____

[2] Defendant refers to Plaintiff's cause of action for unjust enrichment as the Sixth Cause of Action (NYSCEF Doc. 122 at 15). While unjust enrichment is the Sixth Cause of Action in Plaintiff's original Complaint (NYSCEF Doc. 1), Plaintiff's Amended Complaint includes unjust enrichment as Plaintiff's Fourth Cause of Action (NYSCEF Doc. 129 at 23).

**154124/2023  ZAIGER LLC vs. BUCHER LAW PLLC**
**Motion No. 002**

permit [the other party] to retain what is sought to be recovered'" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]). "The essential inquiry in any action for unjust enrichment...is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Paramount Film Distrib. Corp. v State*, 30 NY2d 415, 421 [1972]).

Here, Plaintiff alleges that Defendant was enriched by wrongfully obtaining the client list created by Plaintiff and subsequently inducing Plaintiff's clients to abandon their contracts with Plaintiff (NYSCEF Doc. 129). Plaintiff further alleges that its client base was created at great cost to Plaintiff (*Id.* at 24).

In light of the foregoing, that Plaintiff has alleged sufficient facts to state a cause of action for unjust enrichment. Accordingly, Defendant's motion to dismiss Plaintiff's cause of action for unjust enrichment is denied.[3]

### vi. Defendant's Motion to Stay this Action Pursuant to CPLR 3211(a)(4) is Denied

CPLR 3211(a)(4) provides that a party may move for judgment dismissing one or more causes of action asserted against him on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires." Further, CPLR 2201 permits the court in which an action is pending to "grant a stay of proceedings in a proper case, upon such terms as may be just."

Here, Defendant argues that this action should be stayed pending a resolution of the Connecticut Action because the parties are substantially identical and the actions each arise from

---

[3] While Defendant's motion seeks dismissal of Plaintiffs claims for aiding and abetting a breach of the duty of loyalty and aiding and abetting fraud, defendant's motion to dismiss these claims is moot as they are not included in Plaintiff's Amended Complaint (NYSCEF Doc. 129).

**154124/2023 ZAIGER LLC vs. BUCHER LAW PLLC**
**Motion No. 002**

Page 10 of 12

10 of 12

the business relationship between Bucher and Plaintiff (NYSCEF Doc. 122 at 27). However, the First Department has held that even where "there is some overlap between the parties and claims," it is within the Court's discretion to deny a motion under CPLR 3211(a)(4) where "the nature of the relief sought is not substantially the same and the parties are not identical (*Wimbledon Fin. Master Fund, Ltd. v Bergstein*, 147 AD3d 644, 645 [1st Dept 2017]).

While the parties in the present action are also included in the Connecticut Action and the two actions have overlapping facts, the causes of action in the Connecticut Action differ significantly from those asserted here. With respect to the parties to this action, the Connecticut Action primarily concerns claims by Bucher against Plaintiff for alleged wrongful termination and breach of employment agreements (NYSCEF Doc. 119). Conversely, this action is centered on Plaintiff's allegations relating to Defendant's acquisition of Plaintiff's client list and wrongful solicitation of Plaintiff's clients.

As the relief sought in the Connecticut Action is not substantially the same as that sought in the instant action, Defendant's motion to stay the proceedings in this action pending a resolution of the Connecticut Action is denied.

Accordingly, it is hereby,

ORDERED that Defendant Bucher Law PLLC's motion for an Order dismissing Plaintiff Zaiger LLC's claims pursuant to CPLR 3211(g) and N.Y. Civ. Rights Law § 76-a is denied; and it is further

ORDERED that Defendant Bucher Law PLLC's motion for an Order dismissing Plaintiff Zaiger LLC's claims for tortious interference with contract, unfair competition, misappropriation, unjust enrichment, aiding and abetting fraud and aiding and abetting breach of the duty of loyalty is denied; and it is further

154124/2023   ZAIGER LLC vs. BUCHER LAW PLLC
Motion No. 002

Page 11 of 12

ORDERED that Defendant Bucher Law PLLC's motion for an Order dismissing or staying this action pending a determination of previously filed Connecticut Action is denied; and it is further

ORDERED that on or before July 23, 2024, the parties are directed to submit a proposed Preliminary Conference Order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Preliminary Conference Order, the parties are directed to appear for an in-person preliminary conference with the Court in Room 442, 60 Centre Street, on July 24, 2024 at 9:30 a.m.; and it is further

ORDERED that within ten days of entry, counsel for Defendant Zaiger LLC shall serve a copy of this Decision and Order, with notice of entry, on all parties to this case; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/1/2024 | | _Mary V Rosado JSC_ |
|---|---|---|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154124/2023  ZAIGER LLC vs. BUCHER LAW PLLC**
Motion No. 002

**Page 12 of 12**

12 of 12