Vitagliano v Weiner (2025 NY Slip Op 02477)

Vitagliano v Weiner

2025 NY Slip Op 02477

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

252.1 CA 24-00878

[*1]ISABELLA VITAGLIANO, PLAINTIFF-APPELLANT,
v
ELLIOT WEINER, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 

ROSSI & ROSSI, NEW YORK MILLS (EVAN ROSSI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SMITH SOVIK KENDRICK & SUGNET P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (James P. McClusky, J.), entered June 3, 2024. The order granted the cross-motion of defendant for leave to renew and reargue and, upon renewal and reargument, denied plaintiff's motion insofar as it sought, inter alia, to dismiss defendant's counterclaim for defamation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained as a result of an alleged sexual assault committed against her by Elliot Weiner (defendant). Defendant answered and asserted, among other things, a counterclaim for defamation premised on a social media "story" posted by plaintiff in which she asserted that defendant "is a rapist." Plaintiff now appeals from an order that granted defendant's cross-motion for leave to renew and reargue and, upon renewal and reargument, denied plaintiff's motion insofar as it sought to dismiss defendant's counterclaim for defamation based on the social media "story" under CPLR 3211 (g) and insofar as it sought attorneys' fees and costs pursuant to Civil Rights Law § 70-a (1) (a). We affirm.
Initially, we note that the parties do not dispute on appeal that the "counterclaim subject to the motion is an action involving public petition and participation as defined in paragraph (a) of [Civil Rights Law § 76-a (1)]" (CPLR 3211 [g] [1]), i.e., one subject to the protections of New York's anti-SLAPP statutes (see generally Aristocrat Plastic Surgery, P.C. v Silva, 206 AD3d 26, 28-32 [1st Dept 2022]). Thus, as relevant here, the limited issue before this Court is whether defendant, as "the party responding to the motion[,] demonstrate[d] that the cause of action has a substantial basis in law" (CPLR 3211 [g] [1]). Plaintiff contends that CPLR 3211 (g) requires defendant to meet the "clear and convincing evidence" standard set out in Civil Rights Law § 76-a (2). We reject that contention. Although we have not previously been called upon to determine what constitutes a "substantial basis in law" for the purpose of avoiding dismissal under the burden-shifting framework of CPLR 3211 (g), we agree with the First Department that " 'substantial basis' under the anti-SLAPP law means 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 12 [1st Dept 2024]; see also Zeitlin v Cohan, 220 AD3d 631, 632 [1st Dept 2023], lv denied 42 NY3d 905 [2024]; Smartmatic USA Corp. v Fox Corp., 213 AD3d 512, 512 [1st Dept 2023]).
Our conclusion is supported by the plain language of CPLR 3211 (g), which uses a distinctly different standard than the "clear and convincing evidence" standard found in Civil Rights Law § 76-a (2), and, as the First Department noted in Reeves, by the legislative history. The sponsor's memorandum in support of the 1992 enactment of CPLR 3211 (g) and related [*2]statutes stated that the law "would change the standard for obtaining dismissal . . . in certain actions . . . [and] the standard for obtaining attorneys' fees . . . by requiring that an action be supported by a 'substantial' basis, which is more support than the 'reasonable' basis required in other actions" (Assembly Mem in Support, Bill Jacket, L 1992, ch 767 at 8; see Reeves, 232 AD3d at 20-23). Further, the legislative history of CPLR 3211 (h), which addresses motions to dismiss in certain cases involving licensed architects, engineers, land surveyors, or landscape architects, is illuminating. The sponsor's memorandum in support of that 1996 amendment expressly equated the "substantial basis" standard with the concept of "substantial evidence," the standard applied in judicial review of administrative findings, by concluding that it "mean[s] such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Mem in Support, Bill Jacket, L 1996, ch 682 at 13, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see Reeves, 232 AD3d at 22). Thus, "the Legislature's intention to 'import the substantial evidence standard' as the measure of the 'substantial basis' standard is clear" (Reeves, 232 AD3d at 23, quoting Castle Vil. Owners Corp. v Greater N.Y. Mut. Ins. Co., 58 AD3d 178, 183 [1st Dept 2008]). This standard "is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt . . . The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011] [internal quotation marks omitted]).
Applying that standard, we now consider whether defendant proffered a substantial basis from which to conclude that plaintiff's statement on social media "was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue" (Civil Rights Law § 76-a [2]), i.e., actual malice (see Kipper v NYP Holdings Co., Inc., 12 NY3d 348, 353 [2009]). Here, we agree with plaintiff that a mere conclusory denial of her allegation that defendant sexually assaulted her would be insufficient to support the conclusion that plaintiff knowingly posted a false statement on social media or did so with a reckless disregard for the truth (see Gillespie v Kling, 217 AD3d 566, 567 [1st Dept 2023]). Defendant, however, opposed the motion with a detailed statement recounting his version of the sexual encounter underlying the present litigation, including the specific facts on which he relied for his assertions that plaintiff was not intoxicated at the time and that the encounter was consensual (see Smartmatic USA Corp., 213 AD3d at 512-513). A reasonable mind could therefore conclude that the differences between the parties' versions of events could not be accounted for by, for example, differences in perception, mistake, faulty memory, or alcohol impairment, but instead that plaintiff knowingly made a false statement, even if such a conclusion is "not necessarily the most probable" in light of all the evidence (Ridge Rd. Fire Dist., 16 NY3d at 499). We conclude that Supreme Court properly denied plaintiff's motion insofar as it sought to dismiss defendant's counterclaim for defamation based on plaintiff's social media "story." Inasmuch as defendant established a substantial basis for his defamation counterclaim, plaintiff is not entitled to attorneys' fees pursuant to Civil Rights Law § 70-a (1) (a).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court