Zaiger LLC v Bucher Law PLLC (2025 NY Slip Op 03268)

Zaiger LLC v Bucher Law PLLC

2025 NY Slip Op 03268

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Index No. 154124/23|Appeal No. 4477|Case No. 2024-04830|

[*1]Zaiger LLC, Plaintiff-Respondent,
v
Bucher Law PLLC, Defendant-Appellant.

Grellas Shah LLP, San Francisco, CA (Dhaivat Shah of the Bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Tuttle Yick LLP, New York (Gregory O. Tuttle of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about July 2, 2024, which denied defendant Bucher Law PLLC's motion to dismiss the complaint pursuant to CPLR 3211(a)(7), declined to apply New York's anti-SLAPP statute, and denied its request for an order staying the action pending a determination of a previously filed Connecticut action, unanimously affirmed, with costs.
The motion court correctly determined that Zaiger LLC was permitted to amend its complaint as of right (see CPLR 3025[a]; Roam Capital, Inc. v Asia Alternatives Mgt. LLC, 194 AD3d 585, 585-586 [1st Dept 2021]). It also correctly applied Bucher Law's pending motion to dismiss to the amended complaint. Once Zaiger LLC served the amended complaint, the original complaint was superseded, and the amended complaint became the only complaint in the action (see Plaza PH2001 LLC v Plaza Residential Owner LP, 98 AD3d 89, 99 [1st Dept 2012]). The court was required to proceed "as though the original pleading had never been served" (Halmar Distribs. v Approved Mfg. Corp., 49 AD2d 841, 841 [1st Dept 1975]).
To the extent Bucher Law now argues that it was deprived of the opportunity to address the newly added cause of action in the amended complaint, the argument is without basis. The single motion rule does not bar Bucher Law from moving to dismiss the new claim asserted in the amended complaint (see Barbarito v Zahavi, 107 AD3d 416, 420 [1st Dept 2013]). Additionally, it could have addressed the new cause of action in the alternative in its reply or submitted a supplemental objection, but it elected to do neither.
The motion court also correctly determined that Bucher's email, sent to a limited group of clients, concerned a private matter and did not raise an issue of broad public interest (see Tsamasiros v Jones, 232 AD3d 816, 819 [2d Dept 2024]). Bucher's email was in essence an attempt to dissuade Zaiger LLC's clients from continuing their relationship with the firm. It was not shared on social media or any other platform accessible to the general public. Rather, it was sent directly to individual clients using the email addresses on file. The email was generic in nature, offering no discussion of legal strategy, advice, or the broad legal or societal implications. Although Bucher Law now asserts that the communication implicated the ethical duties of attorneys, the email itself was silent on that point.
Bucher's email communication was not protected as being made in furtherance of the clients' constitutional right to petition. Setting aside the issue of whether communications related to private arbitration qualify as a petitioning activity under the anti-SLAPP law, the present case involves a generic solicitation aimed at inducing Zaiger LLC's clients to give up their relationship with Zaiger and sign Bucher Law's retainer agreement.
The court properly concluded that New York law applied to the dispute (see Padula v Lilarn Props. Corp., 84 NY2d 519, 521 [[*2]1994]). The court acknowledged that Zaiger LLC maintains its main office in Connecticut and that the alleged injury occurred there. Nonetheless, it properly concluded that the dispute centers on the conduct of New York attorneys and law firms and whether that conduct violated the New York Rules of Professional Conduct. In fact, it is Bucher Law that repeatedly asserted that Bucher's duty as an attorney was the linchpin of the case. Given New York's significant interest in regulating the professional conduct of attorneys admitted to practice within its jurisdiction, New York has a strong interest in applying its laws to Bucher's alleged conduct (see Engleke v Brown Rudnick Berlack Israels, LLP, 45 AD3d 324, 326 [1st Dept 2007]).
The motion court correctly concluded that Zaiger LLC stated a claim for tortious interference with contractual relations in that it alleged that Bucher stole and/or improperly retained the firm's client list, revoked Zaiger's administrative privileges in the database, unsuccessfully attempted to download a full list of clients and their contact information when he believed he would be terminated, and later claimed he returned all the files and data when he clearly retained the client list (see Leo Silfen, Inc. v Cream, 29 NY2d 387, 391-393 [1972]).
Zaiger LLC also stated a claim based on unfair competition, alleging that Bucher wrongfully diverted the firm's clients to himself by misappropriating a client list that Zaiger LLC had invested time and money to compile, and then using that information to solicit clients for his newly formed law firm while representing to Zaiger LLC that he had returned all data concerning the Valve action to the firm (see Edelman v Starwood Capital Group, LLC, 2008 NY Slip Op 31882[U] [Sup Ct, NY County 2008], affd 70 AD3d 246 [1st Dept 2009], lv denied 14 NY3d 706 [2010]).
Zaiger LLC sufficiently stated a trade secrets claim (see 1 Model Mgt., LLC v Kavoussi, 82 AD3d 502, 503 [1st Dept 2011]). It alleged that its client list was the product of substantial time and financial investment. Furthermore, the firm undertook extraordinary measures to protect the confidentiality of the list, including storing it in an encrypted database accessible only to a limited number of individuals within the firm. Notably, even Bucher himself was unable to successfully download the entire list.
Zaiger LLC sufficiently stated a claim for unjust enrichment, as it alleged that Bucher was granted access to the client database and subsequently derived a benefit from that access. Specifically, Bucher downloaded the names and contact information of thousands of clients, and his actions led those clients to terminate their relationship with Zaiger LLC in favor of Bucher Law, causing damages to Zaiger LLC (see Schroeder v Pinterest Inc., 133 AD3d 12, 26 [1st Dept 2015]).
We have considered Bucher Law's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*3]DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025