Talbert v Tynes (2026 NY Slip Op 01478)

Talbert v Tynes

2026 NY Slip Op 01478

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Index No. 160118/22|Appeal No. 6088|Case No. 2025-05058|

[*1]Stanley Talbert, Plaintiff-Appellant,
vBrendane A. Tynes, Defendant-Respondent.

C.A. Goldberg PLLC, Brooklyn (Laura Hecht-Felella of counsel), for appellant.
Law Offices of Perry S. Friedman, New York (Perry S. Friedman of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about August 5, 2025, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(g) under New York's anti-SLAPP statute, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded to determine attorneys' fees. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff and defendant were PhD students at Columbia University between 2017 and 2020 and were enrolled in the same seminar in the Spring of 2018. Plaintiff alleges that he was defamed by two Tweets defendant posted on Twitter (now X) in November 2021. In response to seeing a picture of plaintiff with "a prominent scholar, attorney, abolitionist, and author," defendant retweeted the post with a meme stating, "if I speak, Twitter will suspend me," followed by a comment "I am triggered." She then separately tweeted, without naming plaintiff or the other individual in the photograph, "when the abolitionist posts your stalker," followed later by a comment to her Tweet "that man has harmed multiple women and is abusive and manipulative but congratulations on his dissertation, I guess." Plaintiff learned of these Tweets through a friend, and in November 2022, commenced this action against defendant asserting claims for libel and libel per se.
Defendant moved to dismiss the complaint pursuant to CPLR 3211(g), New York's anti-SLAPP statute, arguing that plaintiff's defamation claims were retaliatory and arose from protected speech in a matter of public interest. She also argued that her Tweets were nonactionable opinion.
Although Supreme Court properly found that the anti-SLAPP statute applies, it should also have granted defendant's motion to dismiss the complaint because plaintiff failed to show in opposition that his claims had a substantial basis in law (Civil Rights Law §§ 70—a, 76—a; CPLR 3211[g]; Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 12 [1st Dept 2024], lv dismissed, 44 NY3d 990 [2025]; Smartmatic USA Corp. v Fox Corp., 213 AD3d 512, 512 [1st Dept 2023]). Defamation requires a false statement of fact and is judged from the perspective of an average, reasonable reader (see Davis v Boeheim, 24 NY3d 262, 270 [2014]; Sandals Resorts Intern. Ltd. v Google, Inc., 86 AD3d 32, 38, 41-42 [1st Dept 2011]). Context is critical for social media statements, where hyperbole and rhetorical exaggeration are common and are less likely to be interpreted literally (see Sandals, 86 AD3d at 43-44). Read in context, defendant's tweets were emotionally charged reactions written in Twitter's vernacular and accompanied by rhetoric, signaling that they were nonactionable opinions (see Davis, 24 NY3d at 269-270).
Moreover, plaintiff did not show that defendant's statements were false or made with actual malice (Civil Rights Law § 76-a[2]; see Zeitlin v Cohan, 220 AD3d 631, 632 [1st Dept 2023]; InkMango, Inc. v Warren, 243 AD3d 476, 477 [1st Dept 2025]).
Because defendant's posts fall under the ambit of the anti-SLAPP law, defendant is entitled to seek attorneys' fees under Civil Rights Law § 70-a, and the matter is remanded solely for the calculation of those fees (see Reeves, 232 AD3d at 12).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026